IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Criminal No. 1:12-CR-00300 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| DEREK EUGENE SPRIGGS | : | (Electronically Filed) |
| | : | |

**BRIEF IN SUPPORT OF DEFENDANT'S
POST-TRIAL MOTION FOR A NEW TRIAL**

AND NOW, comes the defendant, Derek Eugene Spriggs, by his attorney

Heidi R. Freese of the Federal Public Defender's Office, and files this Brief in

Support of Defendant's Post-Trial Motion for a New Trial.

**Procedural and Factual History**

On April 25, 2013, Derek Spriggs, was convicted after a trial by jury of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and

924(a)(2) (Count 1); possession of a firearm in furtherance of drug trafficking, in

violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and criminal conspiracy to

distribute, and possess with intent to distribute marijuana, in violation of 21 U.S.C.

§ 841(a)(1),  21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 3). Mr. Spriggs was found

not guilty of possession with the intent to distribute marijuana, in violation of 21

U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 4). The government's theory presented at trial was that Mr. Spriggs was a supplier of marijuana for a controlled buy that took place at the Harrisburg East Mall on April 18, 2012. Multiple law enforcement witnesses testified that on April 18, 2012, a confidential informant arranged a controlled purchase of marijuana from a known target, Josh Arvelo.

Witnesses testified that the confidential informant contacted Arvelo to arrange for a controlled purchase of a quarter pound of marijuana which was to occur at the Harrisburg East Mall on April 18, 2012. Mr. Spriggs arrived at the Harrisburg Mall as a passenger in a vehicle driven by Josh Arvelo. According to Arvelo, Mr. Spriggs was Arvelo's source of supply for marijuana on April 18, 2012 and in the months preceding that date. Arvelo told the jury that Mr. Spriggs provided that marijuana to him earlier in the day, which he in turn delivered to the confidential informant in the parking lot area of the Harrisburg Mall. Multiple law enforcement witnesses corroborated the sale of marijuana by Josh Arvelo to the confidential informant. The issue in dispute at trial was whether Mr. Spriggs was Mr. Arvelo's supplier, and the credibility of Arvelo's testimony was sharply contested.

The government presented a number of law enforcement witnesses, including Pennsylvania State Police Trooper Jon Mearkle. Trooper Mearkle

testified that he was present at the scene of the controlled buy and that he directly participated in the arrest of Mr. Arvelo and Mr. Spriggs on April 18, 2012. According to Mearkle, he was also present when the initial telephone call was placed by the confidential informant to Arvelo, to arrange for the controlled purchase of a quarter-pound of marijuana. According to Mearkle, the original plan was for Arvelo to come to the Harrisburg Mall to pick up the confidential informant and that Arvelo would take the confidential information into the City of Harrisburg to purchase a quantity of marijuana. Trooper Mearkle went on to testify that a short time later the confidential informant told Mearkle that the plan had changed and that Arvelo was going to bring his supplier with him to the Harrisburg East Mall.

Defense counsel objected to the admission of this evidence as inadmissible hearsay. The Court initially sustained the objection, but subsequently overruled the objection and denied counsel's request for a sidebar discussion regarding admission of the evidence. During its closing argument, the government argued this hearsay testimony as substantive evidence to the jury.

Less than an hour into deliberations, the jury returned with a question about the inadmissible hearsay evidence. The jury requested a copy of the transcript and requested more information about Trooper Mearkle's testimony regarding the

3

"change of plans," specifically, the jury requested the statements of the confidential informant. The Court denied the jury's request for a copy of the transcript and provided an instruction to the jury regarding the evidence. One juror asked for further clarification, and the Court told that jury that there was no admissible testimony on the exact change of plans.

The jury returned guilty verdicts on Counts 1, 2, and 3, and found Mr. Spriggs not guilty of Count 4.

**Argument**

**A New Trial Is Warranted in Light of the
Inadmissible Hearsay Evidence Admitted at Trial.**

The admission of the confidential informant's hearsay statements through the testimony of Trooper Mearkle was prejudicial and denied Mr. Spriggs his right to a fair trial. Further, the government improperly argued the hearsay as substantive evidence during its closing argument.  Such evidence was prejudicial and violated Mr. Spriggs' Sixth Amendment right to confront witnesses against him.

Hearsay is inadmissible in evidence. FED. R. EVID. 802 "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at trial . . . , offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c).

"While officers generally should be allowed to explain the context in which they act, the use of out-of-court statements to show background has been identified

as an area of "widespread abuse." *United States v. Sallins,* 993 F.3d 344, 346 (3d.

Cir. 1993), *citing 2 McCormick On Evidence*, § 249, at 104 (4th ed. 1992).[1]

Whether a disputed statement is hearsay often turns on the purpose for

which it is offered. In *United States v. Lopez*, the Third Circuit reversed the verdict

and remanded for a new trial based on the District Court's error in admitting this

type of inadmissible hearsay evidence at trial. *United States v. Lopez*, 340 F.3d

169, 175-177 (3d. Cir. 2003). In *Lopez*, the government presented the testimony of

prison officials who testified that they received information that Mr. Lopez might

be carrying heroin. *Id.* at 175. Defense counsel's hearsay objections were

overruled, and the government was permitted to introduce the evidence during its

case-in-chief, and in the government's closing argument, the prosecutor argued the

hearsay as substantive evidence. *Id.*

The Third Circuit reversed the verdict and remanded for a new trial holding

that the challenged statements constituted inadmissible hearsay, that their

introduction at trial was improper, and that the error was not harmless. *Id.* at 175.

---

[1]Court have admitted testimony of police officers or agents revealing information received out-of-court for the limited purpose of establishing background for the officer's actions. *United States v. Brown,* 923 F.2d 109, 111 (8th Cir.), *cert denied*, 502 U.S. 833, 112 S.ct. 110, 116 L.Ed.2d 80 (1991); *Unitwed States v. Vizcarra-Porras*, 889 F.2d 1435, 1439 (5th Cir. 1989), *cert. denied*, 495 U.S. 940, 110 S.Ct. 2192, 109 L.Ed.2d 520 (1990); *United States v. Mejia*, 909 F.2d 242, 247(7th Cir. 1990).

The *Lopez* Court pointed out that there were alternative means available to the government to establish the factual context of the officers' search of Lopez's cell, that the officer acted "upon information received." *Id.* at 176. *See also United States v. Sallins*, 993 F.2d 344 (3d. Cir. 1993)(holding that the contents of a police radio call and the 911 radio room record were prejudicial hearsay warranting reversal of the judgment of conviction and remand for a new trial).

Here, like in *Lopez,* the government offered the inadmissible hearsay evidence for the truth of the matter asserted as is apparent by the prosecutor's remarks during her closing argument. The principal issue in the case was whether Derek Spriggs was the supplier of marijuana to Josh Arvelo on April 18, 2012 and in the months preceding that date. The government introduced the inadmissible hearsay evidence "that the plan changed," and Trooper Mearkle testified that the confidential informant, told Mearkle that Arvelo was going to bring his supplier with him to the mall.[2] The government elicited this testimony as evidence that Mr. Spriggs was in fact the supplier of marijuana, and the best evidence that the government introduced it for the truth of the matter asserted is the prosecutor's argument of that fact as substantive evidence to the jury in her closing argument.

---

[2]As of the filing of this motion and brief, a transcript has not been produced, thus, any summary of testimony is from the best memory and notes of counsel.

The evidence was not introduced for some non-hearsay purpose, rather, it was introduced for the truth of the matter asserted, as was argued by the government in its closing statement. The hearsay evidence was improperly admitted, and the error was not harmless.

"An evidentiary error is harmless only if it is highly probable that the improperly admitted evidence did not contribute to the jury's judgment of conviction. *Government of the Virgin Islands v. Toto*, 529 F.2d 278, 284 (3d Cir. 1976). Here, the only evidence that Mr. Spriggs was Arvelo's supplier was the testimony of Arvelo himself, whose credibility was vigorously challenged by Mr. Spriggs. The defense argued that it was equally plausible that Arvelo was the true supplier of marijuana and that Arvelo was shifting the blame to Mr. Spriggs because Arvelo was motivated by a promise from the government that he would not be prosecuted if Arvelo cooperated by testifying against Mr. Spriggs. Because Arvelo's testimony was hotly contested, the inadmissible hearsay evidence "cemented" the government's case. *See Sallins*, 993 F.2d 344, 348 (3d Cir. 1993).

The significance of the testimony to the jury is apparent by the fact that the jury returned to the courtroom during deliberations, asking the Court for a copy of the testimony of the confidential informant's statement about the "change of plan" for Arvelo to bring his supplier to the Harrisburg Mall on April 18, 2013.

Because inadmissible, prejudicial hearsay evidence was admitted at trial, Mr. Spriggs respectfully requests that the verdicts of guilty as to Counts 2 and 3 be vacated and that he be granted a new trial.

Respectfully submitted,

Date: May 9, 2013

*/s/ Heidi R. Freese*
HEIDI R. FREESE, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA87668
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*<heidi_freese@fd.org>*
*Attorney for Derek Eugene Spriggs*

<h1 style="text-align: center;"><u>CERTIFICATE OF SERVICE</u></h1>

I, Heidi R. Freese of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Brief in Support of Post-Trial Motion for a New Trial**, via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

> MEREDITH A. TAYLOR, ESQUIRE
> Assistant United States Attorney
> United States Attorney's Office
> 228 Walnut Street, Room 220
> Harrisburg, PA 17108
>
> DEREK EUGENE SPRIGGS

Date: May 9, 2013

*/s/Heidi R. Freese*
HEIDI R. FREESE, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA87668
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*<heidi_freese@fd.org>*
*Attorney for Derek Eugene Spriggs*