IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:12-CR-300

**v.**

**DEREK SPRIGGS** :

# M E M O R A N D U M

## I.      Introduction

Before the court is Defendant Derek Spriggs' motion for new trial based on the erroneous admission of hearsay evidence at his trial. (Doc. 60.) A supporting brief has been filed and the government has filed its response. (Docs. 61 & 68.) No reply brief has been filed. The matter is ripe for disposition. For the reasons set forth hereafter, the motion will be denied.

## II.     Procedural History

Spriggs was indicted on November 28, 2012. The indictment charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 1); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924© (Count 2); criminal conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Count 3); and possession with intent to distribute marijuana, in violation of 21 U.S.C.§ 841(a)(1) (Count 4). On April 25, 2013, Spriggs was convicted by a jury on Counts 1, 2, and 3, and acquitted on Count 4.

**III.     Facts[1]**

At trial, Joshua Arvelo testified that Derek Spriggs was supplying him with marijuana several times a week for three or four months prior to a drug transaction that was to take place on April 18, 2012. On April 18, 2012, a confidential informant placed a telephone call to Joshua Arvelo to arrange for the controlled purchase of marijuana. The transaction was for a quarter pound of marijuana along with another ounce from Spriggs for another customer of Arvelo's. Pennsylvania State Trooper Jon Mearkle testified that he was present when the informant called Arvelo to arrange for the sale of a quarter pound of marijuana. According to Mearkle, the plan was for Arvelo to come to the Harrisburg East Mall to pick up the confidential informant and to take the confidential informant into the city to purchase the marijuana.

Trooper Mearkle testified that, a short time later, the confidential informant informed Mearkle that the plan changed and that Arvelo was going to bring his supplier with him to the Harrisburg East Mall. It is this testimony that is the inadmissible hearsay that came into evidence. Defendant argues that, without this statement, there was insufficient evidence to show Spriggs was the supplier of the drugs on April 18, 2012. Without that statement, the evidence would have shown that there was a plan between Arvelo and the confidential informant to meet at the Harrisburg East Mall where the confidential informant would be picked up and the two of them would go into the city to purchase marijuana. Instead, Arvelo and Spriggs traveled to the Harrisburg East Mall and met the confidential informant and exchanged the drugs at the mall. Arvelo made the exchange and the drugs for cash.

---

[1] The defendant and the government are primarily in agreement as to the facts of this case.

This change of circumstance, defense argued, does not show Spriggs to be the supplier of the drugs.

The jury had other facts to consider. Arvelo testified that Spriggs had been his supplier for some time. Specifically, Arvelo testified that he purchased marijuana from Spriggs once or twice a week for two or three months prior to the April 18, 2012 purchase. Arvelo further testified that, for purchases of one ounce of marijuana or more, he would call Spriggs on his cell phone prior to making the transaction on the street. The jury also had to consider that, on April 18, 2012, Spriggs and Arvelo arrived at the Harrisburg East Mall where the delivery of the quarter pound of marijuana to the confidential informant occurred. Arvelo was taken into custody. Officers also attempted to arrest Spriggs, who was resisting arrest. Detective Scott Wolfe testified that during the struggle he observed a firearm in Spriggs' coat pocket. Detective Wolfe removed the firearm. It was a Jennings Model Bryce 38, 380 semi-automatic pistol containing six live rounds.[2]

A search of Spriggs, incident to the arrest, revealed that Spriggs had an additional ounce of marijuana[3] on his person that Arvelo had ordered for a different customer, a digital scale, a cell phone, and $89.00 in cash. No use paraphernalia was recovered from Spriggs or the car. These items, along with the gun, are the tools of a narcotics trafficker.

---

[2] It was stipulated that the pistol was operational and considered a firearm, that the firearm traveled in interstate commerce, and that Spriggs was a previously convicted felon.

[3] All of the vegetation seized from Arvelo and Spriggs was stipulated to be marijuana.

3

**IV.     Discussion**

Defendant argues that because the credibility of Arvelo was sharply contested, the hearsay statement "cemented" the governments's case. (Doc. 61, p. 7.) However, as stated, the jury had additional evidence to consider, including Spriggs' behavior upon arrest, his possession of a gun, and the drug-related items recovered from Spriggs' person upon arrest. In light of this substantial evidence against Spriggs, the court finds that the hearsay statement was harmless error. *Horst v. Inverness Hotel Corp.*, 546 F.3d 221, 228 (3d Cir. 2008); *United States v. Muhammed*, 2013 WL 3634301 (C.A. 3 NJ)). Furthermore, this court gave a curative instruction as to this testimony.

A some point during their deliberations, the jury sent out a note which requested the following:[4]

> Need transcript of testimony related to CI and change of plans to deliver the drugs. Instead of bringing buyer to supplier, was there exact statements indicating supplier would come along. Were these statements from CI or did law enforcement listen in to that conversation?

(Doc. 55, Sealed Jury Question.) To this the court replied:

> THE COURT: There are no exact statements in the record indicating what the change of plans were. The CI did not testify to the change of plans. Arvelo did not specify exactly what the change of plans were. The trooper only listened in to the conversation when the initial plan was set up.
>
> FOREPERSON: I think that was the answer we were looking for, a clarification.

After this statement, another juror interjected with the following question:

---

[4] These excerpts are from a rough draft of the notes of testimony provided by the court reporter for the purpose of addressing this motion.

> A JUROR: My understanding, was there no mention once the change of plan took place, was there no mention in that, instead of our going there, and that's the first part of it, I'm bringing the supplier with me, by anyone? Did the trooper say that is what he was told by the informant, I'm bringing the supplier with me?

The court responded:

> THE COURT: Anything that the trooper testified to that he heard from someone else is hearsay and not admissible.
>
> A JUROR: And it's inadmissible, okay.
>
> FOREPERSON: Are you satisfied?
>
> A JUROR: Yes.

"Where evidentiary errors are followed by a curative instruction, a defendant bears a heavy burden." *United States v. Thorton*, 1 F.3d 149, 157 (3d Cir. 1993). The law presumes that jurors follow the court's instructions to disregard inadmissable evidence, "unless there is an overwhelming probability that the jury will be unable to follow the court's instruction, and a strong likelihood that the impact of the evidence would be devastating to the defendant." *United States v. Vaulin*, 132 F.3d 898, 901 (3d Cir. 1997); *see also United States v. Hakim*, 344 F.3d 324, 326 (3d Cir. 2003). Defendant offers no argument that the court's curative instruction was insufficient. From the responses of the jury, it appears that the jury understood that the statement concerning the change of plans was hearsay and that they should not consider this statement by Trooper Mearkle. Thus, any hearsay concerns have been mitigated by the court's curative instruction.

## V.     Conclusion

There was substantial evidence in this case against Spriggs, and the jury received and understood the curative instruction. The hearsay statement was harmless error. Spriggs was not deprived of a fair trial. An appropriate order will be issued.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: July 22, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:12-CR-300
:
**v.** :
:
**DEREK SPRIGGS** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the defendant's motion for a new trial on Counts 2 and 3 (Doc. 60) is **DENIED**. Sentencing in this case will be scheduled upon receipt by the court of the presentence report.

                                                                  s/Sylvia H. Rambo
                                                                  United States District Judge

Dated: July 22, 2013.