UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : Criminal No. 1:12-300-01
:
v. : (Judge Rambo)
:
DEREK SPRIGGS : (Electronically Filed)

**SENTENCING MEMORANDUM**

Derek Spriggs is a twenty-seven year old young man who, according to the presentence report, comes before the Court with an advisory guideline range of 360 months to life.[1]  Mr. Spriggs respectfully requests this Honorable Court to grant a downward variance and to impose a sentence below the advisory range based upon the factors set forth in 18 U.S.C. § 3553(a).

On April 18, 2012, after a trial by jury, Mr. Spriggs was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 1), possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (1) (A) (Count 2), and conspiracy to distribute and possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Count 3).  In the presentence report, the United States Probation Office calculated a guideline range

---

[1]  Such a sentencing request assumes that this Honorable Court overrules Mr. Spriggs' objections to the implied life imprisonment term pursuant to 18 U.S.C. § 924(c).

of 360 months to life based on the career offender provisions set forth in U.S.S.G.

§ 4B1.1(c)(3).

## Argument

I.     **Section 924 (c) (1) (A) Implying a Life Term Maximum Pursuant to 18 U.S.C. § 924 (c) (1) is Not Permissible.**

Section 924 (c) (1) (A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
>     **(i)** be sentenced to a term of imprisonment of not less than 5 years;
> .

18 U.S.C. § 924(c) (1) (A) (i). No maximum term is provided, however, under

Section 924(c) (1) (A) (i). Mr. Spriggs acknowledges that the Court of Appeals for

the Third Circuit and other circuit courts of appeal have implied a life maximum.

*See United States v. Shabazz,* 564 F.3d 280, 289 (3d Cir. 2009); *United States v.*

2

*Williams*, 892 F.2d 296, 304 (3d Cir. 1989); *accord United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993) (collecting cases).  In light of recent decisions by the Supreme Court, the constitutional separation of powers requirement, and due process concerns, Mr. Spriggs submits that a sentence beyond the 5-year mandatory is not legal.[2]

> **1.)  Recent United States Supreme Court cases suggest that implying a life term maximum is not permissible.**

At the oral argument in *United States v. O'Brien*, ___ U.S. ___, 130 S. Ct. 2169 (2010), three Justices of this Honorable Court expressed serious doubt – without disagreement from anyone else on the bench – about the correctness of a construction of § 924(c) (1) that implied a life maximum term.  *O'Brien* involved a prosecution under Section 924(c) (1) for brandishing a firearm.  The Government also alleged that the firearm at issue was a machine gun.  As that case came to the Court, it presented the question whether the provision in subsection 924(c) (1) (B) requiring a sentence of "not less than 30 years" for using a machine gun was an element or a sentencing factor.  The Government argued that it was the latter, in part contending that "[f]or any violation of the current statute" – that is, even the basic violations set forth in subsection (A) – "the implied maximum term is life

---

2   The United States Supreme Court recently denied certiorari in a case involving this issue in *Lucas v. United States*, No. 11-1536.

3

imprisonment." Brief for United States 4, *United States v. O'Brien*, ___ U.S. ___, 130 S. Ct. 2169 (2010) (No. 08-1569); *see also id.* at 25 ("[T]he judge can impose up to a life sentence for any Section 924(c) (1) conviction."). Thus, the Government asserted that all of the provisions in Section 924 (c) (1) requiring sentences of more than five years simply established a regime of escalating mandatory minimums.

When the Government pressed this claim at oral argument, Justice Scalia expressed skepticism: "Where – where is the life sentence maximum, by the way? . . . Where is that specified?" Tr. of Oral Arg. 13, *United States v. O'Brien*, 130 S. Ct. 2169 (2010) (No. 08-1569). Justice Scalia then turned to the text of the statute: "Where – where do you get the life maximum? I – I'm reading through, and there's – it mentions nothing about life . . . And if it mentions nothing about life, then these are not mandatory minimums. To the contrary, they are – they are new maximums." *Id.* The Government responded by arguing that the phrase "not less than" implied a maximum higher than the mandatory minimum. *Id.* at 15. This assertion prompted Justice Ginsburg to express puzzlement: "But where is – where is the maximum?" *Id.* at 15.

Justice Sotomayor similarly questioned whether there was a constitutional problem "with reading a statute to provide for an unlimited maximum when

Congress hasn't specified it. . . ." *Id.* The Government's response, yet again, that

the statute "implies" a maximum term of life did not satisfy Justice Scalia: "I don't

find that implied at all. I don't see why it's implied." *Id.* Justice Sotomayor asked

again if there was a problem with a statute that doesn't state the maximum sentence

and agreed with Justice Scalia's earlier interpretation that would solve the problem

– "[a]nd then doesn't the minimum in that case sort of become de facto the

maximum?" *Id.* at 16. Justice Scalia summarized his take on this exchange by

advancing his reading of Section 924(c) (1) (A):

> I think what you are exposed to, as I read the statute, (c) (1)
> (A) does not impose a new sentence at all. It just says there
> will be added to whatever the sentence is for the crime of
> violence or the drug trafficking crime – there will be added
> to that sentence. Then it says you'll add 7 years [for
> brandishing]; you'll add 25 years [in the case of a second
> conviction]; you'll add 30 years [for using a machine gun].
>
> Those are not mandatory minimums. Those are add-ons to
> the sentence provided by the substantive crime to which (c)
> (1) (A) refers. That way, the whole thing makes sense.

*Id.*

When it issued its opinion a few months later, this Court unanimously

rejected the Government's proposed construction of Section 924(c) (1), holding

that the machine gun provision was an element of an aggravated offense. *See*

*O'Brien*, ___ U.S. at ___, 130 S. Ct. at 2180. The opinion did not resolve whether

that provision establishes a 30-year fixed sentence or a thirty-to-life sentencing range. Nor did the Court explicitly address whether the escalating sentences in subsection 924(c) (1) (A) set forth fixed sentences or more minimums with life maximums.

**2.) Judicially implying a life maximum term in a statute that is otherwise silent violates the constitutional requirement of separation of powers.**

The United States Constitution provides that:

> All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.

Art. I, § 1. "Because of the seriousness of criminal penalties, they should in general attach only after the body responsible for forming our laws in the first instance has established that such penalties are appropriate." *United States v. Bass*, 404 U.S. 336, 348 (1971). Criminal sanctions serve an amalgam of social goals, and their severity is best determined by a body which can respond to the balance of such goals as prescribed by the popular will. For these reasons, the Supreme Court has stated:

> [W]ithin our federal constitutional framework the legislative power, including the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly with Congress.

*Whalen v. United States*, 445 U.S. 684, 689 (1980); *United States v. Evans*, 333 U.S. 483, 486 (1948); *Bell v. United States*, 349 U.S. 81, 89 (1955); *Ex Parte Grossman*, 267 U.S. 87, 114 (1925); *Ex Parte United States*, 242 U.S. 27, 42 (1916).

Over 150 years ago, Justice Field observed (while riding circuit) that because the "[p]ower to inflict a particular penalty must be conferred by congress in such terms as will bear a strict construction," "mere implication can hardly ever be a safe ground on which to rest a penalty." *Stimpson v. Pond*, 23 F. Cas. 101 (C.C. Mass. 1855). Here, the courts have implied a maximum, reasoning that the language in the statute stating that the term be "not less than" must have some meaning. *See Williams*, 892 F.2d at 304.

There is nothing new about a federal statute requiring punishment "not less than" a certain amount. Congress has occasionally used such language in the past. And, federal courts have held that such provisions established fixed sentences. In *Stimpson*, Justice Field held that a federal statute prescribing "a penalty of not less than one hundred dollars" "d[id] not authorize the infliction of a penalty greater than one hundred dollars." *Id.* at 102. Instead, it "authorize[d] the infliction of a penalty of just one hundred dollars for the offense described." *Id.* Justice Field explained that because the "[p]ower to inflict a particular penalty must be conferred

by congress in such terms as will bear a strict construction," "mere implication can hardly ever be a safe ground on which to rest a penalty, and when penalties of unlimited magnitude are the subjects of the implication, the danger of making it, and the improbability of its correctness, are proportionately increased." *Id.* Justice Field found such an implication impossible to swallow, especially in light of the fact that Congress's habit usually is to 'affix limits beyond which the court [can]not pass" when it wishes to create ranges instead of fixed punishments. *Id.*

In *Lin v. United States*, 250 F. 694 (8th Cir. 1918), the Eighth Circuit confronted a similar statute and reached a similar conclusion. The federal statute there prescribed a punishment of "not less than five years" for a certain drug offense. *Id.* at 695. The Eighth Circuit rejected the argument that a defendant "may be sentenced under the statute to life imprisonment," holding instead that "the statute fixes a certain punishment of five years." *Id.*

Some circuits that have held that subsection (A) nonetheless implies a maximum sentence of life have asserted that this construction is necessary to give meaning to the words "not less than." *See, e.g., United States v. Sias,* 227 F.3d 244, 246 (5th Cir. 2000). To be sure, statutes should be construed, to the extent possible, "so as to avoid rendering superfluous" any statutory language. *See Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991). But,

that canon of construction is not necessarily applicable here.  The words "not less than" are more naturally read to make crystal clear that courts may not impose any sentences *below* the specified durations than to suggest that sentence *above* the specified durations are permissible.

### 3.) Implying a maximum term violates the Due Process Clause.

If any doubt remained concerning whether subsection (A) establishes fixed sentences or ranges up to life, fundamental principles of fair notice would require construing the statute to do the former.  It has long been a maxim of due process that "[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes."  *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939). "[A] fair warning should be given to the world language that the common world will understand, of what the law intends to do if a certain line is passed."  *McBoyle v. United States*, 283 U.S. 25, 27 (1931); *see also United States v. Santos*, 553 U.S. 507, 514 (2008) ("no citizen should be . . . subjected to punishment that is not clearly prescribed").  Accordingly, "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute."  *United States v. Batchelder*, 442 U.S. 114, 123 (1979).

The rule of lenity implements this fair notice principle.  This "venerable

9

rule," *United States v. R.L.C.*, 503 U.S. 291, 305 (1992), has been described as "perhaps not much less old than construction itself," *United States v. Wiltberger*, 18 U.S. 76, 95 (1820).  It is rooted in "the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should."  *United States v. Bass*, 404 U.S. 336, 348 (1971) (quoting H. FRIENDLY, BENCHMARKS 209 (1967)).  Simply put, the rule requires sentencing provisions to provide "clear and definite legislative directive[s]."  *Busic v. United States*, 446 U.S. 398, 406-07 (1980); *accord Simpson v. United States*, 435 U.S. 6, 15-16 (1978).

In sum, imposition of a sentence above the 5-year mandatory minimum term is illegal.

**II.     A Sentence within the Career Offender Guideline Range of 360 Months to Life Is "Greater than Necessary" to Achieve the Purposes of Sentencing, and Does Not Comport with 18 U.S.C. § 3553(a).**

In the presentence report, the probation office suggests that a sentence below the advisory guidelines may be appropriate in this case and may achieve the objectives set forth in 18 U.S.C. § 3553(a).  (PSR, ¶ 70).

The primary directive of § 3553(a) is that the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with" the purposes of sentencing.  *See* 18 U.S.C. § 3553(a) (emphasis added).

Title 18, United States Code, Section 3553(a), directs sentencing courts to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a) (1);
- the history and characteristics of the defendant, § 3553(a) (1);
- the kinds of sentences available, § 3553(a) (3);
- the sentencing guideline range, § 3553(a) (4);
- pertinent Sentencing Commission sentencing disparities, § 3553(a) (5); and
- the need to avoid unwarranted sentencing disparities, § 3553(a) (6).

*See* 18 U.S.C. § 3553(a).

Post-*Booker*, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *United States v. Booker, 540 U.S. 220, 251, 125 S.Ct. 738, 760. (2005)*. A sentence within the advisory guideline range of 360 months to life produces punishment that is *"greater than necessary"* to satisfy any purpose of sentencing, and is not a just sentence for Mr. Spriggs. *See* 18 U.S.C. § 3553(a).

If this Honorable Court sustains Mr. Spriggs' objections with respect to the implied life maximum term for the § 924(c) violation, his guideline range on Counts 1 and 3 are 120 to 150 months, plus the 60 month consecutive penalty required by 18 U.S.C. § 924 (c) as to Count 2, resulting in a total range of 180 to

11

210 months. Notably, this guideline range is a sentence of roughly half what the career offender range calls for in this case. If this Honorable Court overrules Mr. Spriggs objections, the guideline range of 360 months to life remains advisory, and this Court is free to impose any sentence within the statutory maximum on Counts 1 and 3, plus the required statutory consecutive sentence of 60 months on Count 2. If this Honorable Court overrules Mr. Spriggs' objections and finds that the guideline range in this case is 360 months to life, Mr. Spriggs asks this Court to grant a substantial downward variance in this case.

**III.  A Sentence within the Advisory Guideline of 360 Months to Life is Excessive Pursuant to the Factors Set Forth in U.S.C. § 3553 (a).**

Born and raised in Harrisburg, Mr. Spriggs was exposed to illegal drugs during his childhood.  Mr. Spriggs' father was a crack cocaine addict, who was in and out of prison. As a result of his father's addiction and incarceration, Mr. Spriggs' mother worked two jobs to make ends meet. Mr. Spriggs' grandparents were also an integral part of his childhood. Notably, Mr. Spriggs does not blame his legal troubles on his parents or a poor upbringing, noting to the probation officer that he was "raised better than this". (PSR, ¶ 37).

Also of significance in this case is Mr. Spriggs' prior record and his escalation to career offender status. There are two predicate drug trafficking convictions in this case. (PSR, ¶¶27, 30). Mr. Spriggs' respectfully requests this Honorable Court to consider his youth and immaturity at the time of his two prior drug trafficking convictions. Mr. Spriggs' career offender status did not occur as a result of a lifetime of crime. Instead, his elevation to career offender status occurred over a relatively short period of time when Mr. Spriggs was 19 and 21 years of age. (PSR, ¶¶27, 30)

Sentencing Mr. Spriggs, a twenty-seven year old man, to a sentence of 30 years for the offenses for which he was convicted, is excessive and is "greater than necessary". 18 U.S.C. § 3553(a).

## Conclusion

Mr. Spriggs respectfully requests the Court to grant a substantial downward variance in this case, because such a sentence is sufficient to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

Respectfully submitted,

Date: November 4, 2013

*/s/Heidi R. Freese*
HEIDI R. FREESE, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA87668
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*<heidi_freese@fd.org>*
*Attorney for Derek Eugene Spriggs*

# CERTIFICATE OF SERVICE

I, Heidi R. Freese of the Federal Public Defender's Office, do hereby certify

that I served a copy of the foregoing **Sentencing Memorandum**, via Electronic

Case Filing, or by placing a copy in the United States mail, first class in

Harrisburg, Pennsylvania, addressed to the following:

> MEREDITH A. TAYLOR, ESQUIRE
> Assistant United States Attorney
> United States Attorney's Office
> 228 Walnut Street, Room 220
> Harrisburg, PA 17108
>
> DEREK EUGENE SPRIGGS

Date: November 4, 2013                    */s/Heidi R. Freese*
                                          HEIDI R. FREESE, ESQUIRE
                                          Assistant Federal Public Defender
                                          Attorney ID #PA87668
                                          100 Chestnut Street, Suite 306
                                          Harrisburg, PA 17101
                                          Tel. No. (717) 782-2237
                                          Fax No. (717) 782-3881
                                          *<heidi_freese@fd.org>*
                                          *Attorney for Derek Eugene Spriggs*