**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Criminal No. 1:12-CR-300** |
| | **:** | |
| **v.** | **:** | **(Judge Sylvia H. Rambo)** |
| | **:** | |
| **DEREK EUGENE SPRIGGS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

### I.    INTRODUCTION

The defendant was charged by an Indictment on November 28, 2012 with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g) (Count I);  possession of a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c) (Count II);  criminal conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Section 846 (Count III); and possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 841(a)(1) (Count IV).

On April 25, 2013, Derek Spriggs was convicted after a jury trial of Counts I, II and III and was acquitted of Count IV.  Defendant's sentencing hearing is currently set for December 9, 2013 before this Honorable Court.  The defendant

comes before the court as a career offender, having two previous felony convictions for narcotics trafficking, as well as a number of other criminal convictions. The advisory guidelines for defendant's conviction on Count II, possession of a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), are 360 months to life imprisonment. Defendant filed a Sentencing Memorandum on November 4, 2013, claiming that imposing a maximum sentence of life imprisonment for a violation of 18 U.S.C. § 924(c) is impermissible and requesting the Court impose a sentence below the advisory guidelines range of 360 months to life.

## II. THE STATUTORY MAXIMUM FOR A VIOLATION OF SECTION 924(C) IS LIFE IMPRISONMENT.

18 U.S.C. § 924(c)(1)(A) does not contain an express statutory maximum. However, the Third Circuit has definitively stated the statutory maximum sentence for a violation of Use or possession of a firearm during or in relation to a crime of violence of drug trafficking crime in violation of 18 U.S.C. § 924(c). The Third Circuit has plainly stated that life imprisonment is the statutory maximum. See United States v. Shabazz, 564 F.3d 280, 289 (3d Cir. 2009). In Shabazz, the Court detailed its reasoning by explaining "in setting out a statutory minimum, but not a statutory maximum, Congress…implicitly authorized district courts to impose sentences under § 924(c)(1)(A)(ii) in excess of seven years and up to a maximum of life imprisonment." Shabazz, 564 F.3d at 289 (internal citations omitted). The

Court went on to note that the "express inclusion of a minimum sentence, but not a maximum sentence, indicates an intention to make life imprisonment the statutory maximum." Id. The Shabazz Court also noted that "every other Court of Appeals to address the issue directly has come to the same conclusion." Id.

The defendant acknowledges that cases in the Third Circuit, as well as other circuits, have implied a life maximum for violations of 18 U.S.C. § 924(c) but suggests that recently, the United States Supreme Court is questioning implying a life maximum term citing United States v. O'Brian, 560 U.S. 218, 130 S. Ct. 2169 (2010). The O'Brian case involved the application of 18 U.S.C. § 924(c) for brandishing a machine gun and the issue presented to the Court was whether the fact that the firearm was a machine gun was an element to be proved to the jury beyond a reasonable doubt or a sentencing factor to be considered by the Court.

Despite what the Justices may have asked in oral argument, as presented in the defendant's memorandum, nowhere in the O'Brian opinion does the Court discuss the statutory maximum for a violation of 18 U.S.C. § 924(c)(1)(A). See United States v. O'Brian, 560 U.S. 218, 130 S. Ct. 2169 (2010). There is no mention of it in the opinion, in a footnote, or in any dissent.

Therefore, the statutory maximum for a violation of 18 U.S.C. § 924(c) is life imprisonment. See Shabazz, 564 F.3d at 289. Accordingly, as the defendant is a career offender, his advisory guideline range is 360 months to life imprisonment.

### III.   18 U.S.C. § 3553(a) FACTORS

Finally, the defendant argues that a sentence within the career offender guideline range of 360 months to life imprisonment is greater than necessary to achieve the purpose of sentencing and is excessive under 18 U.S.C. § 3553(a).  In the presentence report, the probation officer does note that a sentence below the advisory guidelines may be appropriate in this case and may achieve the objectives set forth in  18 U.S.C. § 3553(a).  (PSR, ¶ 70.)  The government concurs with the probation officer's conclusion that a sentence below the advisory guideline range would be sufficient in this case.

Respectfully submitted,

PETER J. SMITH
United States Attorney

Dated:  December 2, 2013                BY:   s/ Meredith A. Taylor
MEREDITH A. TAYLOR
Assistant United States Attorney
Meredith.Taylor@USDOJ.gov
PA 205058

228 Walnut Street, Suite 220
Harrisburg, Pa. 17108
Phone: 717-221-4482
Fax:   717-221-2582

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Criminal No. 1:12-CR-300** |
| | **:** | |
| **v.** | **:** | **(Judge Sylvia H. Rambo)** |
| | **:** | |
| **DEREK EUGENE SPRIGGS,** | **:** | |
| | **:** | **(electronically filed)** |
| **Defendant.** | **:** | |

### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on December 2, 2013, she served a copy of the foregoing

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING**
**<u>MEMORANDUM</u>**

by electronic filing to the person hereinafter named:

Heidi Freese, Esq.
<u>heidi_freese@fd.org</u>

<u>s/ Mary Zerance</u>
Mary Zerance
Legal Assistant
