**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:12-CR-00300 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| DEREK EUGENE SPRIGGS | : | Electronically filed |

**BRIEF IN SUPPORT OF MOTION
FOR COMPASSIONATE RELEASE AND
REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

FREDERICK W. ULRICH, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
fritz_ulrich@fd.org

*Counsel for Defendant*

**STATEMENT OF THE CASE**

The government charged the defendant, Derek Spriggs, in a four-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 1); possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count 2); conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count 3); and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (Count 4). (Doc. 1). In December 2012, he appeared on a writ from state custody and was ordered detained. (Presentence Investigation Report at 1) ("PSR"). In April 2013, a jury found him guilty of the first three counts of the indictment and not guilty of the fourth count. (Doc. 57). This Court sentenced him in December 2013, to, among other things, a term of imprisonment of 240 months. (Doc. 81). The term consisted of 120 months on Count 1, 60 months on Count 2, and 60 months on Count 3 to run consecutively to each other and to run consecutively to a term imposed in Dauphin County.[1] (Docs. 81 at 2; 86 at 9). And this term was consistent with the

---

[1] At the time of his sentencing in December 2013, Mr. Spriggs had been in state custody since May 22, 2012, awaiting action on a state parole violation for a sentence which had a maximum term of October 24, 2018. (PSR at ¶ 30; Doc. 86 at 4-5). Counsel predicted, based on cases with similar circumstances, that Mr. Spriggs would serve at least 18 months in state custody. (Doc. 86 at 5). Because at the time of sentencing Mr. Spriggs had already been in state custody for 19 months, it was reasonable for the Court to conclude that he would be transferred to federal custody shortly after his sentencing. Ultimately, however, Mr. Spriggs served almost 7 years before his transfer into federal custody.

government's recommendation for a 10-year reduction from the advisory guidelines of 360 months to life, "under the facts of this case as well as given Mr. Spriggs' history." (Doc. 86 at 8).

Mr. Spriggs has a projected release date of January 16, 2036. He is incarcerated at the Coleman Federal Correctional Institution ("FCI Coleman Medium").

Mr. Spriggs is 35 years old and is obese at 72 inches and 238 pounds, (Ex. A at 36, 50), with a body mass index over 30.[2] At the beginning of the pandemic, in February and March 2020, he experienced nausea, body aches, dizziness, a cough and a sore throat. (Ex. A at 26-27, 28-29). Thereafter, beginning in April and throughout 2020, Mr. Spriggs suffered from persistent chest pain. (Ex. A at 1, 8, 10, 12, 19, 21, 23-24, 53). His only COVID screening in 2020 occurred in December when he tested negative. (Ex. A at 31). In January 2021, he slowly returned to exercise. (Ex. A at 45). He has been vaccinated, (Ex. A at 48, 49), but recently declined a booster. (Ex. A at 54).

Mr. Spriggs has also been diagnosed with epilepsy. (Ex. A at 14-15, 24, 35, 47, 52). In mid-2020, he was not taking his prescribed medication for fear it was causing his chest pain but he is currently compliant, taking phenytoin. (Ex. A at 16, 35, 39, 55). He has suffered from intermittent headaches. (Ex. A at 32, 50, 52). He

---

[2] https://www.braceability.com/blogs/articles/overweight-obese-bmi-calculator.

also suffers from chronic gastroesophageal reflux disease, (Ex. A at 5, 7, 37, 39, 42, 47, 52), for which he takes famotidine. (Ex. A at 55).

The risk associated with obesity, significant in any event, has been exacerbated exponentially by Mr. Spriggs' potential exposure to COVID-19 at the facility in which he is incarcerated. The Centers for Disease Control and Prevention of the U.S. Department of Health ("CDC") has identified persons who are obese as at increased risk for severe illness or death from COVID-19,[3] and it has said that these risks are amplified for those in close contact with large groups of people, including specifically those persons who are incarcerated.[4]

In light of his situation, Mr. Spriggs submitted a request on December 3, 2021, to the warden at FCI Coleman Medium, requesting a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (Doc. 89-1 at 1). The warden did not respond. (Doc. 89 at 4). He thereafter submitted a request for relief with this Court, which appointed the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent Mr. Spriggs in connection with the request. (Docs. 89, 90).

---

[3] CDC, *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions* (Feb. 15, 2022).

[4] CDC, *Coronavirus Disease 2019 (COVID-19): FAQs for Correctional and Detention Facilities* (Jan. 26, 2021).

This brief is offered in support of Mr. Spriggs' request for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). Included as exhibits are medical records confirming Mr. Spriggs' conditions. (Ex. A). Mr. Spriggs has also presented information and letters from those who are willing to support him in his return to society. (Doc. 89-1 at 2-8).

**STATEMENT OF THE ISSUE**

Whether the defendant is entitled to a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of the extraordinary risks to his health and safety resulting from his medical conditions and the COVID-19 pandemic.

**ARGUMENT**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), permits a court to reduce the sentence of any defendant – on motion of the defendant, if the U.S. Bureau of Prisons ("BOP") has refused to grant the defendant's request for a reduction within thirty days – if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Considerations relevant to this determination include the defendant's "medical condition," "age," and "family circumstances," but may also include any other consideration bearing on the defendant's health and well-being, as well as post-offense conduct, efforts at rehabilitation, and societal ties. *See United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021) (finding that the court is not bound by the Sentencing Commission's policy

statement).  Once a defendant is deemed eligible for a reduction, the court applies the sentencing factors set forth in 18 U.S.C. § 3553(a) to decide upon the scope of the reduction.  18 U.S.C. § 3582(c)(1)(A); *United States v. Pawlowski*, 967 F.3d 327, 329-31 (3d Cir. 2020); *Andrews*, 12 F.4th at 262.

A reduction is warranted here.  The serious risks posed to the defendant, Derek Spriggs, by his pre-existing medical conditions and his continued incarceration during the COVID-19 pandemic represent "extraordinary and compelling reasons" under the compassionate release statute, *see infra* Part I, and the sentencing factors of 18 U.S.C. § 3553(a) – including Mr. Spriggs' low risk of recidivism – support a significant reduction in his sentence, *see infra* Part II.  The motion should be granted, and Mr. Spriggs' sentence reduced to time served.

## I. "EXTRAORDINARY AND COMPELLING REASONS" EXIST FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A).

The grounds supporting a reduction in Mr. Spriggs' sentence can only be described as "extraordinary and compelling."  He is obese and suffers from epilepsy. (Ex. A).  As a result of his obesity, Mr. Spriggs has been classified by the CDC as at increased risk of severe illness or death if exposed to COVID-19.  *See supra* note 3.  While Mr. Spriggs initially received the COVID vaccine (Ex. A at 48, 49), there is research showing that the vaccine may not be completely effective for people with obesity.  *See, e.g.*, *United States v. Pappa*, No. 95-00084-CR, 2021 WL 1439714, at *3-4 (S.D. Fla. Apr. 1, 2021).  Moreover, there are still risks for vaccinated

individuals based on the emerging variants. *See, e.g., United States v. Scott*, No. 1:05-CR-00443-YK, ECF No. 2368 at 3-4 (M.D. Pa. Oct. 29, 2021). Currently the BOP is reporting 2 positive inmates and 2 positive staff members at FCI Coleman Medium, where they have also experienced the deaths of 5 inmates and 1 staff member.[5]

Other considerations confirm that this is an "extraordinary and compelling" case. Mr. Spriggs has changed his mind-set. (Doc. 89 at 9-10). He asserts his dedication to rehabilitation during the last decade, during which he has completed courses and maintained employment. (Doc. 89 at 9, 10). He is "determined to be a productive citizen once released." (Doc. 89 at 12). And he has several family members who will support him in re-entry. (Doc. 89-1 at 2-8).

District courts, including this Court, have routinely found circumstances such as these to constitute "extraordinary and compelling reasons" under the compassionate release statute, entitling the defendant to a reduction in sentence. *See, e.g.*, *United States v. Greenlove*, No. 1:12-CR-0194-MEM, ECF No. 1437 (M.D. Pa.

---

[5] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Mar. 11, 2022), *at* https://www.bop.gov/coronavirus/. Mr. Spriggs explains his concerns with the BOP's handling of the virus at FCI Coleman Medium in his motion. *See* Doc. 89 at 5-6. And that the terms of his confinement have been more punitive. *See* Doc. 89 at 12 (citing *United States v. Indarte*, No. CR17-5554 BHS, 2020 WL 6060229, at *4 (W.D. Wash. Oct. 14, 2020)) ("The lockdown measures prisons across the country like FCI Coleman have undergone to mitigate the spread of the pandemic have made confinement much more punitive that was contemplated at sentencing.").

Feb. 25. 2021); *United States v. Moe*, No. 17-CR-0277, 2021 WL 5277202 (D.N.J. Nov. 12, 2021); *United States v. Mathews*, No. 2:15-CR-00118-KJM, 2021 WL 3883735 (E.D. Cal. Aug. 30, 2021); *United States v. Medina*, No. 15-554, 2021 WL 1581608 (E.D. Pa. Apr. 22, 2021); *United States v. Summerfield*, No. 2:06-CR-00428-KJM, 2021 WL 1517923 (E.D. Cal. Apr. 16, 2021); United *States v. Taylor*, No. TDC-15-0265, 2021 WL 243195 (D. Md. Jan. 25, 2021); *United States v. Gutierrez*, No. 2:14-CR-0239-KJM, 2021 WL 162507 (E.D. Cal. Jan. 15, 2021); *United States v. McRae*, No. 17-CR-643 (PAE), 2021 WL 142277 (S.D.N.Y. Jan. 15, 2021). The Court should do the same here.

## II. THE SENTENCING FACTORS OF 18 U.S.C. § 3553(a) SUPPORT A SIGNIFICANT REDUCTION IN SENTENCE.

The scope of any reduction in sentence must be determined based upon the factors and purposes enumerated in 18 U.S.C. § 3553(a), including the needs to "provide just punishment for the offense," to "afford adequate deterrence" and "protect the public," and to "provide the defendant with needed … medical care." *Id.* Those needs would be best advanced in this case by imposition of a modified sentence of time served.

Mr. Spriggs has been in continuous custody since May 2012. (PSR at ¶ 30). And he served many more months on his state parole violation than anyone expected. *See supra* note 1. Moreover, because Mr. Spriggs' offense of conviction was a drug conspiracy, if sentenced today, Mr. Spriggs would not be a career offender. *See*

*United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc).[6] The Third Circuit

has held that the changes in sentencing laws and the duration of a sentence do not

qualify as extraordinary and compelling reasons warranting a sentence reduction.

*See Andrews*, 2021 WL 3852617, at * 4. But "the current sentencing landscape"

may be considered when weighing the Section 3553(a) factors. *Id*. at *5; *see also*

*United States v. Livingston*, No. 1:09-CR-0072-CCC, ECF No. 714 at 9 (M.D. Pa.

Nov. 30, 2021) (granting compassionate release and acknowledging that if the

defendant were sentenced today, his sentencing exposure would be drastically

reduced).[7]

Based on *Nasir*, Mr. Spriggs' offense level would be 26. (PSR at ¶ 18). With

a criminal history category of VI, (PSR at ¶ 33), his guideline range on Counts 1 and

3 would be 120 to 150 months. Factoring in his conviction for a violation of 18

---

[6] The government has conceded that a conviction for conspiracy under 21 U.S.C. § 846 does not qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b) following *Nasir*. *See United States v. Roman*, No. 19-1598, ECF No. 78 (3d Cir. Dec. 24, 2020). And Mr. Spriggs' predicate offenses, (PSR at ¶¶ 27, 30), may not qualify as controlled substance offenses today. *See United States v. Dawson*, No. 20-3338 (3d Cir.) (considering whether a Pennsylvania conviction for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance is a qualifying offense for a career offender classification under the Sentencing Guidelines).

[7] Still, other courts have held that non-retroactive changes in the law may serve as extraordinary and compelling reasons for compassionate release. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020); *United States v. Maumau*, 993 F.3d 821, 834, 837 (10th Cir. 2021). This issue is pending certiorari before the Supreme Court. *See Thacker v. United States*, No. 21-877 (U.S.).

U.S.C. § 924(c), 60 months would be added to the guideline range resulting in a range of 180 to 210 months. In line with the reduction Mr. Spriggs received at his initial sentencing and the length of time he served in state custody, a sentence of time-served represents "just punishment."

And there is no reason to think that Mr. Spriggs poses any risk of recidivism, or harm to the public. His prison reports disclose no major infractions or disciplinary issues; he has engaged in efforts at rehabilitation; and he has as strong support system which lowers any probability of reoffending. (Doc. 89 at 9-10, 89-1 at 2-8); *cf., e.g., Pepper v. United States*, 562 U.S. 476, 492 (2011) (post-offense developments provide "the most up-to-date picture" of the defendant's history and characteristics, and "shed[ ] light on the likelihood that [he or she] will engage in future criminal conduct"). The proposed sentence would thus "afford adequate deterrence" and "protect the public."

Moreover, to further address "just punishment" or any recidivism concerns, this Court may impose a lengthened term of supervised release to correspond with the unserved portion of Mr. Spriggs' term of imprisonment, with the condition of home confinement during some or all of that term. *See* 18 U.S.C. § 3582(c)(1)(A); (Doc. 89 at 12); *see also United States v. Ladson*, No. 04-697-1, 2020 WL 3412574, at *9 (E.D. Pa. June 22, 2020) (releasing an inmate who was serving a 240-month sentence and suffered from type 2 diabetes, gout and high blood pressure and noting

that the risk of him engaging in any further criminal conduct can be managed through the terms of his supervised release).

As to protecting the health of Mr. Spriggs, early release is not only appropriate but necessary. Mr. Spriggs faces a serious present danger of illness or even death from incarceration, particularly with the spread of contagion, and that danger will only escalate the longer he is imprisoned. By contrast, if released, Mr. Spriggs could be placed under the supervision of his stepmother, Donna Smith, or his mother, Bernadette Clinton, both of whom would be able to ensure not only that Mr. Spriggs abides by any conditions imposed upon him, but also that he receives proper medical treatment. (Docs. 89 at 10; 89-1 at 1, 2). In this case, the most "needed … medical care" for Mr. Spriggs is release from the extremely hazardous environment of prison, and into a more safe and stable setting.

The proposed sentence is "sufficient … but not greater than necessary" to meet the sentencing goals of 18 U.S.C. § 3553(a). That is the modified sentence that should be imposed.

**CONCLUSION**

For the foregoing reasons, the motion for compassionate release and reduction of sentence should be granted, and the defendant should be resentenced in accord with the sentence proposed in this brief.

Date: March 17, 2022                    Respectfully submitted,

                                        /s/ *Frederick W. Ulrich*

                                        HEIDI R. FREESE, ESQ.
                                        Federal Public Defender
                                        Middle District of Pennsylvania

                                        FREDERICK W. ULRICH, ESQ.
                                        Assistant Federal Public Defender
                                        TAMMY L. TAYLOR, ESQ.
                                        Staff Attorney
                                        Middle District of Pennsylvania
                                        100 Chestnut Street, Suite 306
                                        Harrisburg, PA  17101
                                        717-782-2237
                                        fritz_ulrich@fd.org

                                        *Counsel for Defendant*

# CERTIFICATE OF SERVICE

I, Frederick W. Ulrich, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Ravi R. Sharma, Esquire
United States Attorney's Office
ravi.sharma@usdoj.gov

Date:  March 17, 2022

/s/ *Frederick W. Ulrich*
FREDERICK W. ULRICH, ESQUIRE
Assistant Federal Public Defender