UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:12-CR-300 |
| | : | |
| v. | : | (JUDGE RAMBO) |
| | : | |
| DEREK EUGENE SPRIGGS, | : | |
| Defendant | : | Electronically Filed |

UNITED STATES' BRIEF IN OPPOSITION TO MOTION
TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

The Court should deny Defendant Derek Spriggs' motion for a sentence reduction. Spriggs has failed to carry his significant burden of establishing extraordinary and compelling reasons to reduce his 240-month sentence by nearly 80%. The factors under 18 U.S.C. § 3553(a), moreover, do not support his request. Spriggs went to trial and was convicted of being a felon in possession of a firearm, possession of a firearm in furtherance of drug trafficking, and conspiracy to distribute and possession with intent to distribute marijuana. For these offenses, he was sentenced to terms of 10 years, 5 years, and 5 years, all consecutive to one another. Spriggs should serve the remainder of his sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 28, 2012, a grand jury returned a 4-count indictment against Spriggs. In addition to the offenses for which he was found guilty at trial, Spriggs was also charged with a fourth count, possession with intent to distribute a controlled substance. On April 25, 2013, following a jury trial, Spriggs was found guilty of three counts of the indictment and acquitted on count four.

On December 11, 2013, the Court sentenced Spriggs to an aggregate sentence of 240 months' imprisonment. Spriggs is currently incarcerated at FCI Coleman Medium. His anticipated release date is January 16, 2036. As the defendant states in his brief, his reporting date to federal prison was delayed because he first had to serve out a sentence at the state level for a probation violation. At the time of sentencing, Spriggs had a significant criminal history, including for earlier drug offenses and for escape from a correctional institution.

## ARGUMENT

Section 3582(c)(1)(A) allows a court to reduce a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling

2

reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Although the Sentencing Commission has issued a policy statement addressing reduction motions under § 3582(c)(1)(A), the policy statement expressly mentions only motions filed by the Bureau of Prisons, not defendant-filed motions. *See* U.S.S.G. § 1B1.13. The Third Circuit has therefore held that for defendant-filed motions, the policy statement is not binding, but should be used as a guide. *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

The policy statement identifies potential "extraordinary and compelling reasons." Those reasons include, as relevant here, the situation where "[t]he defendant is . . . suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; and "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, comment. (n.1(A)(ii), (C)(i)). The policy statement also provides that a reduction under § 3582(c)(1)(A) is

3

permitted only if the court determines that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The Court should deny Spriggs' motion for multiple reasons. First, he has not shown the required extraordinary and compelling reasons. Second, even if he had made this showing, the § 3553(a) factors weigh against Spriggs' request for extraordinary relief.[1]

## I.    Spriggs has not established extraordinary and compelling reasons.

Spriggs has not established extraordinary and compelling reasons based on the combination of the COVID-19 pandemic and his medical conditions. As he concedes, the prevalence of COVID-19 at his facility, FCI Coleman Medium, is extremely low. As of the date of this writing, there are **zero** positive inmates and **zero** positive staff members at this

---

[1] Before filing a motion under § 3582(c)(1)(A), a defendant must first request that the BOP file the motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may entertain the defendant's own motion only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Based on Spriggs' submission to the BOP, he appears to have satisfied this exhaustion requirement.

BOP facility.[2] At any rate, as a vaccinated individual, the risks to Spriggs from COVID-19 are substantially reduced.

Numerous courts have found that the availability of an effective vaccine against the virus, and an inmate's receipt of that vaccine, count against a finding of extraordinary and compelling reasons based on the pandemic. *See, e.g., Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (citing with approval the proposition that "widespread availability of the COVID-19 vaccine eliminates need for compassionate release") (cleaned up); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[W]e agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); *United States v. Singh*, 525 F. Supp. 3d 543, 547 (M.D. Pa. 2021) ("Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release.").

---

[2] https://www.bop.gov/coronavirus/.

Spriggs also claims that a drastically reduced sentence is warranted due to his medical conditions, namely, obesity and epilepsy. His brief in support of his motion appears to concede, however, that his epilepsy is being effectively addressed through medication. Furthermore, while he meets the definition of obese—having a body-mass index over 30—it does not appear that his weight is causing him any serious health concerns at present. Because Spriggs has not established the required extraordinary and compelling reasons, the Court should deny his motion.

## II.    The § 3553(a) factors weigh against Spriggs' immediate release.

Even if there is an extraordinary and compelling reason that would make Spriggs eligible for a sentence reduction, the Court should nonetheless deny his motion because the § 3553(a) factors do not support his immediate release.

Spriggs went to trial and was found guilty. At sentencing, his advisory Guidelines sentencing range was 360 months to life. Spriggs' sentence of 240 months represented a massive break: a sentence <u>ten years below the bottom</u> of the Guidelines range. In short, at the time of his sentencing in 2013, Spriggs asked for leniency, and it is clear from

the sentence imposed that the Court gave his argument fair consideration under the § 3553(a) factors. Thus, even crediting for the sake of argument that his 2013 advisory Guidelines range would be lower if he were sentenced today, there is simply no basis for a release approximately 14 years earlier than his projected release date— particularly when the original sentence was already so far below the applicable Guidelines range.

Finally, as mentioned above, Spriggs' has a substantial criminal history. Contrary to his claim that he does not pose any risk of recidivism or harm to the public, he has not shown that he is "not a danger to the safety of any other person or to the community." U.S.S.G.§ 1B1.13(2)."

## CONCLUSION

The Court should deny Spriggs' motion for the reasons provided above.

Dated: April 28, 2022        Respectfully submitted,

JOHN C. GURGANUS
United States Attorney

/s/ Ravi R. Sharma
Ravi Romel Sharma
Assistant U.S. Attorney
VA 82627
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
Tel: (717) 221-4482
Fax: (717) 221-4493

8

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :       No. 1:12-CR-300
                                         :

v.       :       (JUDGE RAMBO)
                                         :

DEREK EUGENE SPRIGGS,       :
       Defendant       :       Electronically Filed

## CERTIFICATE OF SERVICE

I certify that on April 28, 2022, I caused a copy of the foregoing

document to be served electronically on counsel for the defendant:

Frederick W. Ulrich, Esq.
Assistant Federal Public Defender
fritz_ulrich@fd.org

And by first-class mail to the defendant at the following address:

DEREK EUGENE SPRIGGS
BOP #70911-067
FCI COLEMAN MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1032
COLEMAN, FL 33521

                                    /s/ Ravi R. Sharma
                                    Ravi Romel Sharma
                                    Assistant U.S. Attorney